## FRANCIS E. MORSE v. OTIS ALLEN.·

## WILLIAM MOSES v. OTIS ALLEN.

The report of a commissioner, appointed by the court to tax the costs in an action at law, should show what items of costs are allowed by him.

Where it appears that the finding of such a commissioner upon a question of fact is made wholly or in part upon oral evidence heard by him without objection from the parties, such finding will not be revised by the court.

JUDGMENT was rendered in these actions at the November term, 1862. At the July Law Term, 1863, writs of error were brought to reverse the judgments as to the taxation of costs. Upon motion there the cases were continued to give opportunity to apply to the court for an amendment of the record, and to supply deficiences in the files. On motion, these cases were brought forward, for the purpose of allowing an opportunity to move for such amendment.

The facts appeared to be, that the cases were tried and judgment ordered for the plaintiff; and the clerk was appointed commissioner to tax costs. In the first case the plaintiff presented to the clerk a bill of costs, as claimed and taxed by himself, amounting to $1001,69. The parties, after notice, were heard by the commissioner, and their testimony and evidence, much of which was oral, was fully considered, and the sum of $475,40 was allowed. The decision of the commissioner was written at the foot of the plaintiff's bill of costs, in this form:

"Allowed of the above taxation of costs the sum of $475,40.
                              C. A. DOLE, Com'r to tax costs."

The plaintiff now moves that the allowance of costs may be amended, so that it may show specifically which of the items in the plaintiff's bill were allowed, and which were disallowed, in whole or in part, so that he may be able to assign for error the illegal disallowance of certain items—may have the taxation corrected, and a new judgment for a larger amount at the law term,—and to show the propriety of the amendment, he offers evidence to show what items were in fact allowed or disallowed. To the admission of this evidence, and to any change in the report of the commissioner, the defendant objects, on the ground that the decision of the commissioner is final.

*Clark*, for plaintiff.

*Leverett & Blair*, for defendant.

BARTLETT, J. In the taxation of costs, a commissioner acts for the court, and his taxation when adopted stands like one made by the court, *Fabyan* v. *Russell*, 39 N. H. 402, S. C. 38 N. H. 86, *Price* v. *Dearborn*, 34 N. H. 486; and as mistakes in the taxation of costs, apparent on the record, may be corrected upon writ of error or excep-

tions carried to the law term, as the case may require, *Bedel* v. *Goodall*, 26 N. H. 92, *Ford* v. *Wright*, 7 N. H. 586, *Chamberlain* v. *Sterling*, 26 N. H. 116, *Murray* v. *Emmons*, 26 N. H. 523, *West* v. *Whitney*, 26 N. H. 316, *Stratton* v. *Upton*, 36 N. H. 582, *Peebles* v. *Rand*, 43 N. H. 342, *Flanders* v. *Bank*, 43 N. H. 383, it would follow that the record should set forth what costs were allowed; and such seems to be the mode of procedure contemplated by our rules of court. Rules 61, 62 and 63.

Perhaps the court, at the trial term, upon seasonable application and good cause shown, might reject or recommit the report of such a commissioner, *Palmer* v. *Palmer*, 38 N. H. 421, *Fabyan* v. *Russell*, 38 N. H. 87; but it is by no means clear that the court would, under ordinary circumstances, review his finding upon a question of fact to be determined on the weight of evidence, for it would stand like the finding of the court, which, in such a case, is not ordinarily revisable. *Bowman* v. *Sanborn*, 25 N. H. 105; *Groton's Petition*, 43 N. H. 92; *Taylor* v. *Dustin*, 43 N. H. 495. While the report stands accepted, as it must be taken to have been here, where judgment was entered up in accordance with it, it is part of the record and cannot be contradicted or controlled by parol evidence, *Fabyan* v. *Russell*, 39 N. H. 399; and if the plaintiff was dissatisfied with the disallowance of any item of costs claimed by him, and the facts did not appear upon the record, he might perhaps have caused them to be incorporated in it. See *Hayward* v. *Bath*, 35 N. H. 522; *Landaff's Petition*, 34 N. H. 163.

Even if the findings of such a commissioner upon questions of fact, which are to be decided upon the weight of evidence, were in general open to re-examination by the court, they would not be so in the present case. No fraud, accident or mistake is shown, and the plaintiff, by assenting to the reception of oral evidence by the commissioner upon these questions, has waived his right to have such evidence made part of the record; and as the court cannot go outside of the record except as to matters judicially noticed, he has therefore waived any right, if he had any, to a revision of the commissioner's findings upon questions of fact made wholly or in part upon the oral evidence. *Haynes* v. *Thom*, 28 N. H. 398; *Brown* v. *Dudley*, 33 N. H. 514.

Upon the facts stated, we see no case made for any further order than a recommitment of the report to the commissioner, that he may state the items of costs allowed; and it will then sufficiently appear what he disallowed, as the bill of costs claimed by the plaintiff has been made part of the report. The plaintiff may have such an order, if he desires; but whether such an amendment of the record will ultimately avail him any thing upon his writ of error, is a question not now before us.